UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Rosemary A. Gates,   Civil No. 06-1402 (PAM/JSM)

                Plaintiff,

v.   **MEMORANDUM AND ORDER**

State of Minnesota (HEAF)
and United States Department
of Education,

                Defendants.

---

This matter is before the Court on two motions: (1) a Motion to Remand or for Summary Judgment filed by Plaintiff Rosemary A. Gates; and (2) a Motion to Dismiss or for Summary Judgment filed by Defendant United States Department of Education ("Department"). For the reasons that follow, the Court denies Gates's Motion and grants the Department's Motion.

**BACKGROUND**

This case arises from the allegedly improper means by which the State of Minnesota and the Department are attempting to collect on a defaulted student loan. Gates commenced this action in Ramsey County Conciliation Court on March 14, 2006. On April 12, 2006, the Department timely removed the action, pursuant to 28 U.S.C. § 1442(a)(1).

The Complaint consists of the following allegations:

> The State of [Minnesota] conspired with the United States of America to create a debt that was levied on February 24, 2006. Conspiracy was discovered by Plaintiff in October 2005. The Defendants are jointly and severely liable for $1624.00 [plus] costs and disbursements.

(Compl. at 1.)

## DISCUSSION

### A.     Motion to Remand

The Department removed this action from Ramsey County Conciliation Court on April 12, 2006. Gates did not file the Motion to Remand or for Summary Judgment until August 15, 2006. Thus, the Motion to Remand is untimely. See 28 U.S.C. § 1447(c) (a motion to remand based on any defect other than lack of subject matter jurisdiction must be made within thirty days of the filing of the notice of removal). Moreover, there is no basis to remand, as the Court has jurisdiction over the claims against the Department. See 28 U.S.C. § 1442(a)(1); see also 20 U.S.C. § 1082(a)(2); Thomas v. Bennett, 856 F.2d 1165, 1167 (8th Cir. 1988); Omegbu v. United States Dep't of Treasury, 118 Fed. Appx. 989, 990 (7th Cir. 2004). Accordingly, the Court denies the Motion to Remand.

### B.     Motion to Dismiss

#### 1.     Standard of Review

On a motion to dismiss, the Court construes the allegations in the complaint and reasonable inferences arising from the pleading favorably to the plaintiff. Stringer v. St. James R-1 Sch. Dist., 446 F.3d 799, 802 (8th Cir. 2006) (citation omitted). The Court will dismiss a claim "only if it is clear that no relief can be granted under any set of facts that could be proven consistent with the allegations." Id. (citation omitted). Nonetheless, the complaint must allege facts sufficient to state a claim as a matter of law. Id. (citation omitted). Although the Court must construe a pro se complaint liberally, the complaint "still must allege sufficient facts to support the claims advanced." Id. (citation omitted). "Pro se litigants must

set a claim forth in a manner which, taking the pleaded facts as true, state a claim as a matter of law." (citation and internal brackets omitted).

2. <u>Failure to Properly Serve the State of Minnesota</u>

Gates has not properly served the Complaint on the State of Minnesota. Instead, she served an unrelated business entity. Federal Rule of Civil Procedure 4(m) requires a plaintiff to effect proper service on a defendant within 120 days of filing the complaint. Gates has failed to satisfy any of the prescribed methods for proper service, and the 120-day period has expired. Moreover, she has offered no explanation for her failure to timely or properly serve the State of Minnesota. The Court therefore dismisses the action against the State of Minnesota for insufficiency of service of process under Federal Rule of Civil Procedure 12(b)(5) and for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). <u>See</u> <u>Printed Media Servs. v. Solna Web, Inc.</u>, 11 F.3d 838, 843 (8th Cir. 1993) ("If a defendant is improperly served, a federal court lacks jurisdiction over the defendant.") (citation omitted).

3. <u>Merits of Claim</u>

Gates alleges that the Department and the State of Minnesota conspired to levy a debt against her. To establish a civil conspiracy, Gates must meet five elements: "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action to be taken; (4) the commission of one or more unlawful overt acts; and (5) damages as the proximate result of the conspiracy." <u>Robinson v. White County</u>, 452 F.3d 706, 712 (8th Cir. 2006) (citing <u>In re Temporomandibular Joint Implants Prods. Liab. Litig.</u>, 113 F.3d 1484, 1498 (8th Cir. 1997)); <u>see also</u> <u>Harding v. Ohio Cas. Ins. Co.</u>, 41 N.W.2d 818, 824 (Minn.

1950) (a plaintiff sufficiently alleges the existence of a civil conspiracy by showing that the defendants combined to accomplish either an unlawful purpose or a lawful purpose through unlawful means).

The broad allegations in the Complaint cannot sustain a conspiracy claim. The Complaint contains no specific, factual allegations to support an underlying unlawful act. K&S P'ship v. Cont'l Bank, N.A., 952 F.2d 971, 980 (8th Cir. 1991) (civil conspiracy is sustainable only after underlying tort claim has been established) (citations omitted); Stephenson v. Deutsche Bank AG, 282 F. Supp. 2d 1032, 1069 (D. Minn. 2003) (Kyle, J.) (liability in a civil conspiracy claim "is predicated upon the tort committed by the conspirators and not the conspiracy") (citations omitted); D.A.B. v. Brown, 570 N.W.2d 168, 172 (Minn. Ct. App. 1997) (civil conspiracy count failed because it was not supported by an underlying tort) (citation omitted). Nor does the Complaint set forth any acts of collusion. Manis v. Sterling, 862 F.2d 679, 681 (8th Cir. 1988) ("Allegations of conspiracy . . . must be pled with sufficient specificity and factual support to suggest a 'meeting of the minds.'") (citation omitted). Because the Complaint is entirely devoid of specificity and factual support, the Court dismisses the Complaint for failure to state a claim upon which relief may be granted.

**CONCLUSION**

The Complaint fails to set forth a conspiracy claim, even under the most liberal construction of the allegations in the Complaint. Moreover, Gates has failed to properly serve the State of Minnesota with the Complaint. Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant United States Department of Education's Motion to Dismiss, or

       Alternatively, for Summary Judgment (Docket No. 8) is **GRANTED**;

2. Plaintiff's Motion to Remand, or Alternatively, for Summary Judgment (Docket No. 19) is **DENIED**;

3. The Complaint against Defendant State of Minnesota is **DISMISSED without prejudice**; and

4. The Complaint against Defendant United States Department of Education is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 22, 2006

                                                        s/ Paul A. Magnuson  
                                                        Paul A. Magnuson  
                                                        United States District Court Judge